JOHN H. WOODBURY DERMATOLOGICAL INSTITUTE v. WOODBURY.

(Supreme Court, Special Term, New York County. December 6, 1909.)

TRADE-MARKS AND TRADE-NAMES (§ 95*)—INFRINGEMENT—TEMPORARY INJUNCTION.

    Where a corporation, acquiring for a consideration the business name of an individual who had so used his name in a business as to render the business useless without it, permitted the individual to maintain a separate business, using his name in styling it, the corporation was not entitled to a preliminary injunction to restrain the transferee of the individual's business after his death.

    [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Dec. Dig. § 95.*]

Action by the John H. Woodbury Dermatological Institute against one Woodbury. Preliminary injunction denied.

Roswell S. Nichols, for plaintiff.
Benjamin Patterson, for defendant.

McCALL, J. The story of this litigation, as revealed by the moving papers, presents the history of a business based originally upon the

shrewdness and extraordinary capability of an individual to advertise himself, and in the use and employment of his name to make of it an asset of not only considerable value, but in fact to render the business exploited in or under the name useless without it. The man whose name is given to the business is dead; but during his lifetime, with his consent, and indeed for a consideration, the name passed into designation of corporations and companies, one of which was the plaintiff herein, and acting under charters giving specific rights, and whose business was to be devoted to specific purposes. For a long time prior to the death of the individual, he had severed all official relation with the plaintiff, maintaining only some shares of stock therein; and during the several years following his leaving the plaintiff he maintained a separate business, using his name in styling same, and actually transacted business with the plaintiff in the buying or use of certain preparations. The record further shows that the use of the name by the individual was a subject of discussion by the board of directors of plaintiff, and the conclusion reached that he was not to be disturbed; and the continued use of his name was followed down to the day of the individual's death. It is now sought to restrain the corporation to which has been transferred decedent's business, and which is actually owned by decedent's widow and executors, from using the name, and this is the object of the suit. While a regular trial of the issues may determine that they must be enjoined, I have not sufficient presentation herein to warrant the granting of this relief before the actual trial, and there are sufficient facts presented to justify a denial of the motion.

Settle order on notice.